## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| PAUL PARSHALL,<br><br>        Plaintiff,<br><br>    v.<br><br>WESTERN ASSET MORTGAGE CAPITAL CORPORATION, JAMES WILLIAM HIRSCHMANN III, BONNIE WONGTRAKOOL, M. CHRISTIAN MITCHELL, EDWARD D. FOX, JR., RANJIT KRIPLANI, and LISA G. QUATEMAN,<br><br>        Defendants. | Case No.<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Paul Parshall ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

## NATURE OF THE ACTION

1. Plaintiff brings this action against Western Asset Mortgage Capital Corporation ("WMC" or the "Company") and its corporate directors for violating Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the proposed acquisition of the Company by AG Mortgage Investment Trust, Inc. ("MITT").[1]

---

[1] The proposed business combination described herein is referred to as the "Proposed Transaction."

2.      On August 8, 2023, WMC entered into an Agreement and Plan of Merger (the "Merger Agreement") with MITT, MITT's wholly owned subsidiary, AGMIT Merger Sub, LLC ("Merger Sub") and solely for the limited purposes set forth therein, AG REIT Management, LLC ("MITT Manager"). The Merger Agreement provides that WMC stockholders will receive (a) 1.50 shares of MITT common stock (the "Stock Consideration"); and (b) the per share portion of a cash payment from MITT Manager (the "Manager Consideration" and together with the Stock Consideration, the "Merger Consideration") equal to the lesser of (i) $7,000,000 or (ii) if necessary, such smaller amount (rounded to the nearest cent) that causes the Manager Consideration to be less than ten percent of the total value of the Merger Consideration, for each share of WMC common stock they own.[2]

3.      The Company's corporate directors subsequently authorized the September 29, 2023, filing of a materially incomplete and misleading Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC. The Proxy Statement, which recommends that Company stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision. Defendants authorized the issuance of the false and misleading Proxy Statement in violation of Sections 14(a) and 20(a) of the Exchange Act.

4.      It is imperative that the material information omitted from the Proxy Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights, among other things.[3]

---

[2] WMC stockholders will own approximately thirty-one percent of the combined company upon consummation of the Proposed Transaction.

[3] The Special Meeting at which stockholders are asked to approve Proposed Transaction currently is scheduled for November 7, 2023.

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District or is an individual with sufficient minimum contacts with this District to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## THE PARTIES

9. Plaintiff is, and has been at all times relevant hereto, the owner of WMC common stock.

10. Defendant WMC is a Delaware corporation with its principal executive offices located at 385 East Colorado Boulevard, Pasadena, California 91101. WMC's shares trade on the New York Stock Exchange under the ticker symbol "WMC." WMC is a real estate

investment trust ("REIT") that invests in, finances and manages a diverse portfolio of assets consisting of Non-Qualified Residential Whole Loans, Non-Agency Residential Mortgage-Backed Securities ("RMBS"), Commercial Loans, Non-Agency Residential Mortgage-Backed Securities and to a lesser extent Agency RMBS, Government Sponsored Enterprise Risk Transfer Securities, Residential Bridge Loans and asset-backed securities secured by a portfolio of private student loans.  WMC is externally managed and advised by Western Asset Management Company, LLC ("WMC Manager"), a wholly owned subsidiary of Franklin Resources, Inc.

11. Defendant James William Hirschmann III is and has been Chairman of the Board and a director of the Company at all times relevant hereto.

12. Defendant Bonnie Wongtrakool is and has been Chief Executive Officer and a director of the Company at all times relevant hereto.

13. Defendant M. Christian Mitchell is and has been Lead Independent Director of the Company at all times relevant hereto.

14. Defendant Edward D. Fox, Jr. is and has been a director of the Company at all times relevant hereto.

15. Defendant Ranjit Kripalani is and has been a director of the Company at all times relevant hereto.

16. Defendant Lisa G. Quateman is and has been a director of the Company at all times relevant hereto.

17. Defendants identified in paragraphs 11-16 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**The Proposed Transaction**

18.   On August 8, 2023, MITT and the Company jointly announced in relevant part:

NEW YORK -- (BUSINESS WIRE) -- AG Mortgage Investment Trust, Inc. (NYSE: MITT) ("MITT"), a publicly traded residential mortgage REIT managed by AG REIT Management, LLC, an affiliate of Angelo, Gordon & Co., L.P. ("Angelo Gordon"), a leading $73 billion alternative investment firm, and Western Asset Mortgage Capital Corporation (NYSE: WMC) ("WMC"), today announced that they have entered into a definitive merger agreement, pursuant to which MITT will acquire WMC in a fixed exchange ratio stock/cash transaction. WMC has terminated its previously announced acquisition agreement with Terra Property Trust, Inc. in accordance with the terms of such agreement.

MITT's common stock closing price on the New York Stock Exchange (the "NYSE") on August 7, 2023, implies a transaction value of $11.23 per WMC common share, consisting of stock consideration of $10.11 per share and cash consideration of $1.12 per share, representing a 34% premium to WMC's unaffected closing stock price on the NYSE on July 12, 2023.

"We are very pleased to have reached an agreement to acquire WMC in a combination that presents a compelling, value-maximizing opportunity for both MITT and WMC stockholders," said T.J. Durkin, President, Chief Executive Officer, and board member of MITT. "We are confident that combining these highly complementary portfolios will help scale our platform, generate greater operational efficiencies, cost synergies, and accretive earnings growth, and benefit all stockholders. We look forward to moving swiftly to complete this transaction."

James W. Hirschmann III, Chairman of WMC's Board of Directors, stated, "After careful consideration, the Board, in consultation with its outside legal counsel and financial advisors, unanimously concluded that entering into the merger agreement with MITT is in the best interest of WMC's stockholders. This combination will allow our stockholders to realize compelling value and we are excited about what our companies can achieve together."

Bonnie Wongtrakool, Chief Executive Officer of WMC, added, "The merger of MITT and WMC delivers immediate cash value to WMC stockholders as well as allows our stockholders to continue to participate in the upside of the combined company. With the support of Angelo Gordon's deep credit expertise, resources, and proven track record, we believe MITT is well-positioned to drive long-term value for the combined company in the residential mortgage market.

We are committed to working closely with the MITT team to quickly complete the acquisition and deliver substantial value for our stockholders."

\* \* \*

**Transaction Overview**

Each share of WMC common stock will be converted at closing into the right to receive 1.5 shares of MITT common stock for a total of 9.2 million shares, pursuant to a fixed exchange ratio, subject to adjustment based on the companies' respective transaction expenses,[1] and a cash payment from Angelo Gordon equal to approximately 9.99% of the aggregate per share merger consideration (not to exceed $7 million in total). Upon the closing of the transaction, MITT stockholders are expected to own approximately 69% of the combined company's stock, while WMC stockholders are expected to own approximately 31% of the combined company's stock.

Upon completion of the merger, MITT's President and Chief Executive Officer, T.J. Durkin, will serve as Chief Executive Officer of the combined company, which will continue to operate as "AG Mortgage Investment Trust, Inc." and be managed by AG REIT Management, LLC, an affiliate of Angelo Gordon. MITT's Board of Directors will be increased from six to eight directors to include two WMC-designated directors.  The combined company will be headquartered in New York and will continue to trade on the NYSE under MITT's current ticker symbol.

Additional information on the transaction and the anticipated benefits to MITT and WMC stockholders can be found in MITT's investor deck relating to the transaction posted on MITT's website.  The investor deck is also being furnished by MITT in a Current Report on Form 8-K being filed by MITT with the Securities and Exchange Commission (the "SEC") on the date hereof.

**Timing and Approvals**

The transaction has been unanimously approved by the Boards of Directors of MITT and WMC and external managers of MITT and WMC.  The transaction is expected to close in the fourth quarter of 2023, subject to the respective approvals by the stockholders of MITT and WMC and other customary closing conditions set forth in the merger agreement.

**Advisors**

Piper Sandler & Co. is acting as exclusive financial advisor and Hunton Andrews Kurth LLP is acting as legal counsel to MITT.  BTIG, LLC and JMP

Securities, a Citizens Company, are acting as financial advisors, and Skadden, Arps, Slate, Meagher & Flom LLP is acting as legal advisor to WMC.

**The Materially Incomplete and Misleading Proxy Statement**

19. The Board caused to be filed the materially incomplete and misleading Proxy Statement with the SEC on September 29, 2023  The Proxy Statement, which recommends that WMC stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (a) the Company's financial forecasts; (b) the financial analyses underlying the fairness opinion provided by financial advisor BTIG, LLC ("BTIG"); and (c) potential conflicts of interest faced by BTIG and the Company's additional financial advisor JMP Securities LLC ("JMP").

*Material Misrepresentations and/or Omissions Concerning the Company's Financial Forecasts*

20. The Proxy Statement fails to disclose material information concerning the Company's financial forecasts, including the line items underlying WMC's projected Economic Book Value Per Share.

*Material Misrepresentations and/or Omissions Concerning the Financial Analyses Prepared by BTIG*

21. The Proxy Statement fails to disclose material information concerning the financial analyses prepared by BTIG.

22. With respect to the *Dividend Discount Analysis* performed by BTIG, the Proxy Statement fails to disclose the implied terminal values per share of WMC stock.

23. With respect to the *Selected Public Comparabale Company Analysis* and *Selected Precedent M&A Transaction Analysis* performed by BTIG, the Proxy Statement fails to disclose the respective, individual financial metrics for each of the selected companies and

transactions analyzed by the financial advisor, as well as WMC's fully diluted outstanding shares.

24. With respect to the analysis of premiums paid in twenty-three selected acquisitions, the Proxy Statement fails to disclose the identities of the transactions and their respective premiums.

25. With respect to the analysis of equity research broker price targets for MITT performed by BTIG, the Proxy Statement fails to disclose the individual price targets observed and their respective sources.

*Material Misrepresentations and/or Omissions Concerning Potential Conflicts of Interest Affecting BTIG and JMP*

26. The Proxy Statement fails to disclose the potential conflicts of interest faced by the Company's financial advisors BTIG and JMP, including whether BTIG has performed any services for any parties to the Merger Agreement or their affiliates in the two years prior to rendering its fairness opinion, and if so, the details of the services performed and the amount of compensation received in connection with such services.

27. The Proxy Statement also fails to disclose: (a) how much compensation JMP expects to receive from WMC in connection with its engagement, including the amount of any fee contingent upon consummation of the Proposed Transaction; and (b) the details of any services performed for any parties to the Merger Agreement or their affiliates, including WMC Manager and MITT Manager, in the prior two years, and the amount of any compensation received in connection with such services.

28. The omission of the above-referenced information renders statements in the "Certain WMC Unaudited Prospective Financial Information," "Opinion of WMC's Financial

Advisor," and "Background of the Merger" sections of the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act.

29. Absent disclosure of the foregoing material information prior to the stockholder vote, Plaintiff and the other stockholders of the Company will be unable to make a sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## COUNT I

**Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and WMC**

30. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

31. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9. WMC is liable as the issuer of these statements.

32. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

33. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

34. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

35. The Proxy Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

36. By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

37. Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm.

## COUNT II

### Claims for Violation of Section 20(a) of the Exchange Act
### Against the Individual Defendants

38. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

39. The Individual Defendants acted as controlling persons of WMC within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as officers and/or directors of WMC and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

40. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

41. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the transactions giving rise to the violations as alleged herein and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

42. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

43. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of the Company, and against defendants, as follows:

    A. Preliminarily and permanently enjoining defendants and all persons

acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Company stockholders;

   B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

   C. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act;

   D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

   E. Granting such other relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: October 12, 2023       **LONG LAW, LLC**

              By: */s/ Brian D. Long*
                 Brian D. Long (#4347)
                 3828 Kennett Pike, Suite 208
                 Wilmington, DE 19807
                 Telephone: (302) 729-9100
                 Email: BDLong@LongLawDE.com

                 *Attorneys for Plaintiff*